UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RICHARD STEWART, COLLIN THOMAS,
KYLE HORROBIN, CONRAD JOHNSON,
AUSTIN TROUT, TERENCE HUTCHINS,
KEITH FRANCIS, and KEMAR DAYE,

                      Plaintiffs,

   - against -

CITY OF NEW YORK, ANTHONY CAROLEI,
and JOHN and JANE DOES 1-10,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

        Plaintiffs Richard Stewart, Collin Thomas, Kyle Horrobin, Conrad Johnson, Austin Trout, Terence Hutchins, Keith Francis, and Kemar Daye, by their attorneys, the Lumer Law Group, hereby allege upon information and belief as follows:

        1.    At all times hereinafter mentioned, each plaintiff was an adult resident of Kings County, in the City and State of New York, or was otherwise lawfully present therein.

        2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendant Anthony Carolei was employed by the City as a member of the New York City Police Department ("NYPD"), Tax No.: 961670. Carolei is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendants John and Jane Does 1-10, were individuals as members of the NYPD whose full and complete identities are unknown to plaintiffs at this time. The Doe defendants are sued herein in their individual capacity.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

6. The action is properly venued in the Eastern District as the majority of the events complained of occurred in Kings County.

## RELEVANT FACTS

7. During the morning hours of September 8, 2023, the plaintiffs were lawfully present inside a commercial location located at 1913 Church Avenue in Brooklyn, New York (the "premises").

8. None of the plaintiffs resided or worked at the premises nor was there any reasonable basis for the defendants to believe that the plaintiffs had custody, control, or dominion over the premises.

9. At or about this time, believed to be perhaps about 6:00-6:30am, various members of the NYPD began entering the premises. These officers may have included Carole and some or all of the Doe defendants (collectively, the "individual defendants").

10. The officers then arrested the plaintiffs at gunpoint, notwithstanding that none of the plaintiffs, all of whom were compliant, resisted arrest or attempted to flee.

11. The plaintiffs were handcuffed and transported to the NYPD's 70 precinct station house where they were held in custody while their arrests were processed.

12. After a period of many hours the plaintiffs were transported to Kings County Central Booking where they were placed in holding cells.

13. There were other individuals present at the premises who were also arrested and brought to the precinct station house and then to Central Booking.

14. The plaintiffs remained in custody at the station house for a period of many hours until they were transported to Kings County Central Booking.

15. The plaintiffs remained in the City's custody at Central Booking until the late evening hours of September 9, 2023.

16. Defendant Carolei was one of the arresting officers, if not the only arresting officer, and as such, while the plaintiffs were in defendants' custody following their arrest, completed, or caused to be completed, arrest paperwork in which one or more of the defendants falsely claimed that the plaintiffs each were in criminal possession of a weapon in the second degree.

17. These claims were false as none of the plaintiffs actually possessed any weapons nor did any of the plaintiffs have custody, control, and dominion over the premises or any weapons that may have been secreted somewhere in the premises.

18. The defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the Kings County District Attorney's office ("KCDA").

19. The purpose of transmitting the documentation concerning plaintiff's arrest to the KCDA was to ensure that the KCDA would initiate each plaintiff's criminal prosecution.

20. The Kings County District Attorney eventually declined to prosecute the plaintiffs and the plaintiffs were released from custody on or after September 9, 2023, without being criminally charged.

21. At no time did defendants have probable cause to arrest any of the plaintiffs on September 8, 2023, nor was it reasonable for the defendants to believe that probable cause for the plaintiffs' arrests existed.

22. The arrests were made by, with, or pursuant to the directions Carolei and, upon information and belief, the Doe defendants.

23. The Doe defendants are those members of the NYPD who participated in the decision to arrest the plaintiffs, the taking of the plaintiffs into custody, and/or directing others to arrest the plaintiffs.

24. To the extent that any of the individual defendants, including the Doe defendants, did not affirmatively participate in the decision to arrest plaintiffs or the communications with the KCDA as alleged herein, each such defendant was aware that the other individual defendants were or would be engaged in such unconstitutional conduct and thus understood that plaintiffs' rights were being and would continue to be violated, and failed to take any steps to intervene in said unconstitutional conduct or otherwise protect plaintiffs from harm, despite ample opportunity to do so.

25. The individual defendants, including the Doe defendants, are therefore liable for the false arrest and imprisonment of the plaintiffs, either directly or by virtue of their deliberate failure to intervene.

26. The individual defendants were, at all relevant times herein, acting jointly and in concert.

27. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(False Arrest and Imprisonment Pursuant to 42 USC §1983
Against the Individual Defendants)

28. Plaintiffs repeat the preceding allegations as though stated fully herein.

29. The individual defendants willfully and intentionally seized, arrested, and caused plaintiffs to be imprisoned without any lawful basis, much less probable cause, and lacked any reasonable basis to believe probable cause existed.

30. To the extent that any of the individual defendants did not affirmatively seize or place plaintiffs under arrest, each such defendant was aware that plaintiffs' constitutional rights were being and would continue to be violated, and failed to take any steps to intervene in said unconstitutional conduct or otherwise protect plaintiffs from harm, despite ample opportunity to do so.

31. As a result of their unlawful arrest by the defendants, plaintiffs were imprisoned and deprived of their liberty.

32. Plaintiffs were conscious of the deprivation of their liberty and did not consent to any such deprivation.

33. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, loss of liberty, economic loss, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

(Excessive Force Pursuant to 42 USC §1983
Against the Individual Defendants)

34. Plaintiffs repeat the preceding allegations as though stated fully herein.

35. The defendants used physical force or caused physical force to be used against the plaintiffs to seize, detain, arrest, and imprison each plaintiff, including threatening the plaintiffs by pointing handguns and machine guns at them during the arrest.

36. The defendants' use of force was objectively unreasonable or otherwise was used to further the unlawful arrest of plaintiffs.

37. The individual defendants, individually and collectively, subjected plaintiffs to excessive force in violation of the plaintiffs' rights under the Fourth Amendment to the United States Constitution.

38. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of their constitutional rights.

## THIRD CAUSE OF ACTION

(New York City Administrative Code §8-802 et seq.
Against the City of New York and the Individual Defendants)

39. Plaintiffs repeat the preceding allegations as though stated fully herein.

40. Each of the individual defendants is liable under New York City Administrative Code (§8-802) for the false arrest and imprisonment of each of the plaintiffs, as well as for causing each plaintiff to be maliciously prosecuted and subjecting him to force without justification.

41. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

42. The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

43. By reason thereof, the municipal defendant and the individual defendants have violated §8-802 et seq., and caused each plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of their liberty.

[Remainder of Page Intentionally Blank]

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiffs demands judgment against defendants jointly and severally as follows:

(i) actual and punitive damages against the individual defendants in an amount to be determined at trial;

(ii) actual damages in an amount to be determined at trial against the City of New York;

(iii) statutory attorney's fees pursuant to 42 U.S.C. §1988 and New York City Administrative Code §8-805, as well as the expenses and costs of the action;

(iv) an order issued by this Court expressly restraining each individual defendant found liable from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

(v) such other relief as the Court deems just and proper.

Dated: New York, New York
December 14, 2023

LUMER LAW GROUP
Attorneys for Plaintiff

*/s/ Michael Lumer/*

Michael Lumer, Esq.
14 Wall Street, Suite 1603
New York, New York 10005
(212) 566-5060

8